CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 24 2012

JULIA C. DUDLEY, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM ODELS VINEYARD, ) | Civil Action No. 7:12-cv-00072 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| ELTON BLACKSTOCK, <u>et al.</u>, ) | By: Hon. Michael F. Urbanski | |
| Defendants. ) | United States District Judge | |

William Odels Vineyard, a Virginia inmate proceeding <u>pro se</u>, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Elton Blackstock, CEO of the Amherst County Adult Detention Center ("Jail"); Monia White, the Jail's head nurse; and Jail correctional officers Major Carrie Craig, Captain Atkins, and Lieutenant Felts. Plaintiff alleges that the defendants violated plaintiff's constitutional rights to receive medical treatment and to be free from excessive force. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

Plaintiff alleges the following information in his complaint:

> I was took from one holded cell to a[n]other with excessive force which my knee and back was hurt and put in a holded cell and got a skin infection. . . . The medical dep[artment] put me in suicide that was how the excessive force came about with my knee and back and a skin infections that took place in the excessive force on [January 31, 2012] [at] 10:00 p.m. [sic]

The court must dismiss any action or claim filed by an inmate if it determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. <u>See</u> 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless."

Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff fails to relate a defendant to an actual fact about excessive force or about his medical care, and he merely relies on labels and conclusions to describe a constitutional claim. See Twombly, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Furthermore, plaintiff fails to describe any use of force or a serious medical need, an essential element for a constitutional medical claim. See, e.g., Wilson v. Seiter, 501 U.S. 294, 298 (1991) (describing excessive force); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (describing a serious medical need). Moreover, plaintiff acknowledges that someone in the medical department assessed him as a suicide risk. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994) (describing deliberate indifference). Accordingly, plaintiff's complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

If plaintiff decides to refile the complaint, plaintiff should specifically identify individual defendants and the particular acts or omissions of such defendants which plaintiff claims violated his constitutional rights. For example, plaintiff must not rely on buzzwords like "excessive force" and must actually describe the facts that lead him to believe a specific person used excessive force against him. Plaintiff is further advised that the statute of limitations continues to run from the date his claims accrued.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 24th day of February, 2012.

/s/ Michael F. Urbanski
_____
United States District Judge